IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CHARLES FRANKLIN IRELAND,        §
Reg. No. 506419,                 §
                                 §
              Petitioner,        §
                                 §
v.                               §     CIVIL ACTION NO. H-05-0706
                                 §
DOUGLAS DRETKE,                  §
                                 §
              Respondent.        §

**MEMORANDUM OPINION AND ORDER**

Charles Franklin Ireland, proceeding pro se, filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging the state's denial of motion for forensic DNA testing of evidence containing biological material. Pending before the court is Respondent Dretke's Motion for Summary Judgment with Brief in Support (Docket Entry No. 17), to which petitioner has filed an Objection with Brief in Support (Docket Entry No. 19). For the reasons discussed below, the court will grant the motion for summary judgment and deny Ireland's petition for a writ of habeas corpus.

## I.  Factual and Procedural Background

A Harris County grand jury convicted Ireland of aggravated sexual assault of a child based on the events of May 17, 1988.[1]  At

----

[1]State v. Ireland, No. 516,028 (338th Dist. Ct., Harris County, Tex., Jan. 31, 1989).

10:00 that evening, three witnesses saw a man climb out of the window of a home where a six-year-old girl had been sexually assaulted moments before.  They observed the man walk down the street to a convenience store.  Ireland was arrested at the convenience store in a blood-stained T-shirt with black hair on it.

At trial each of the three witnesses positively identified Ireland as the man who climbed out of the window.  Police experts testified that the black hair on Ireland's T-shirt matched hair on the bed sheet where the assault occurred and on the floor of the home.  The jury sentenced Ireland to life in prison.

Ireland timely appealed his conviction.  The Texas Court of Appeals for the 14th District affirmed the conviction on February 1, 1990,[2] and the Texas Court of Criminal Appeals refused a petition for discretionary review on May 9, 1990.

Ireland's first state court application for a writ of habeas corpus was denied without a written order on October 7, 1992.[3] Ireland next filed a federal petition for a writ of habeas corpus. The petition was dismissed without prejudice as a mixed petition raising both exhausted and unexhausted claims on September 9, 1993.[4]  Ireland's second state court application for a writ of

---

[2]<u>Ireland v. State</u>, No. B14-89-00098-CR, 1990 WL 8478 *1 (Tex. App. -- Houston [14th Dist.] Feb. 1, 1990, pet. ref'd).

[3]<u>Ex parte Ireland</u>, Application No. 22,685-01 (Tex. Crim. App. Oct. 7, 1992).

[4]<u>Ireland v. Collins</u>, No. H-92-3846 (S.D. Tex. Sep. 9, 1993).

habeas corpus was denied without a written order on July 12, 1995.[5]
Ireland again filed a federal petition for a writ of habeas corpus.
The petition was dismissed on the merits on September 27, 1999.[6]

On June 18, 2001, Ireland filed a motion for forensic DNA
testing[7] in the court that convicted him.  The motion was denied on

---

[5]Ex parte Ireland, Application No. 22,685-02 (Tex. Crim.
App. July 12, 1995).

[6]Ireland v. Johnson, No. H-97-1613 (S.D. Tex. Sep. 27,
1999).

[7]Tex. Code Crim. Proc. Ann. art. 64.01 (Vernon Supp. 2004-
2005).  In 2001 Texas enacted a law allowing a convicted person
to submit a motion for forensic DNA testing of evidence of
biological material in the convicting court under certain
conditions.

The motion may request forensic DNA testing only of
evidence . . . that was secured in relation to the offense
that is the basis of the challenged conviction and was in
the possession of the state during the trial of the
offense, but:

(1) was not previously subjected to DNA testing:

(A) because DNA testing was:

(i) not available; or

(ii) available, but not technologically capable of
providing probative results; or

(B) through no fault of the convicted person, for
reasons that are of a nature such that the interests of
justice require DNA testing; or

(2) although previously subjected to DNA testing, can be
subjected to testing with newer testing techniques that
provide a reasonable likelihood of results that are more
accurate and probative than the results of the previous
test.

Tex. Code Crim. Proc. Ann. art. 64.01(b) (Vernon Supp. 2004-
2005).  In Ireland's case, the bed sheet where the sexual assault

-3-

May 23, 2003.[8]  The Texas Court of Appeals for the 14th District affirmed the denial on March 16, 2004.[9]  On March 31, 2004, a motion was filed by Ireland to extend the time to file a petition for discretionary review in the Court of Criminal Appeals.  On the next day the Court of Appeals for the 14th District granted the motion extending the time to file until May 17, 2004.  The deadline passed without Ireland filing a petition for discretionary review.  On July 15, 2004, a motion was filed on behalf of Ireland to extend the time to file a petition for discretionary review.  The motion was denied on July 21, 2004.  Ireland's state court applications for a writ of habeas corpus and writ of mandamus were denied without written order on January 26, 2005.[10]

On February 28, 2005, Ireland filed pro se for federal habeas relief pursuant to 28 U.S.C. § 2254 (Docket Entry No. 1).  He alleges that he was denied effective assistance of counsel because his attorney did not notify him that denial of his motion for forensic DNA testing was affirmed by the Texas Court of Appeals for the Fourteenth District.

---

occurred had semen stains.  The state conceded during trial that the semen did not belong to Ireland.

[8]Ireland v. State, No. 516,028 (338th Dist. Ct., Harris County, Tex., May 23, 2003).

[9]Ireland v. State, No. 14-03-00769-CR, 2004 WL 503225 (Tex. App. -- Houston [14th Dist.] Mar. 16, 2004, no pet.).

[10]Ex parte Ireland, Application No. 22,685-03 (Tex. Crim. App. Jan. 26, 2005); Ex parte Ireland, Application No. 22,685-04 (Tex. Crim. App. Jan. 26, 2005).

-4-

## II.  <u>Standard of Review</u>

**A.   Summary Judgment**

A court grants summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c). Material facts are facts that may "affect the outcome of the suit under the governing law."  <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct. 2505, 2510 (1986).  A "genuine issue as to any material fact" requires evidence "such that a reasonable jury could return a verdict for the nonmoving party."  <u>Id</u>.

The movant bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the record], which it believes demonstrate the absence of a genuine issue of material fact."  <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2553 (1986).  Once the movant demon-strates the absence of a genuine issue of material fact, the "adverse party may not rest upon mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  "[S]ome metaphysical doubt as to the material facts, . . . conclusory allegations, . . . unsubstantiated assertions . . . or . . . only

a scintilla of evidence" does not suffice.  <u>Little v. Liquid Air
Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting
<u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 106 S. Ct. 1348,
1356 (1986); <u>Lujan v. Nat'l Wildlife Fed'n</u>, 110 S. Ct. 3177, 3188
(1990); <u>Hopper v. Frank</u>, 16 F.3d 92, 97 (5th Cir. 1994); <u>Davis v.
Chevron USA, Inc.</u>, 14 F.3d 1082, 1086 (5th Cir. 1994)) (internal
quotation marks omitted).

When considering a summary judgment motion, the court resolves
any doubts and draws any inferences in favor of the nonmoving
party.  <u>Hunt v. Cromartie</u>, 119 S. Ct. 1545, 1552 (1999).
Additionally, the court should construe liberally the petitions of
prisoners seeking habeas relief.  See <u>Haines v. Kerner</u>, 92 S. Ct.
594 (1972) (per curiam).  Procedural rules must give way at times
because of the "unique circumstance of incarceration."  <u>McNeil v.
United States</u>, 113 S. Ct. 1980, 1984 (1993) (citing <u>Houston v.
Lack</u>, 108 S. Ct. 2379, 2385 (1988)).  Overall, the court holds pro
se complaints to "less stringent standards than formal pleadings
drafted by lawyers."  <u>Haines</u>, 92 S. Ct. at 596.

**B.    AEDPA**

The federal courts' power to issue writs of habeas corpus to
prisoners challenging state convictions is subject to relevant
portions of the Antiterrorism and Effective Death Penalty Act of
1996 (AEDPA).  Congress enacted the statute to prevent "retrials"
of state criminal actions, <u>Bell v. Cone</u>, 122 S. Ct. 1843, 1849

(2002), and "'to further the principles of comity, finality, and federalism.'"   Woodford v. Garceau, 123 S. Ct. 1398, 1401 (2003) (quoting Williams v. Taylor, 120 S. Ct. 1479, 1490 (2000)).

Federal district courts may grant habeas relief to a state prisoner if "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  The court shall not grant habeas relief unless the state prisoner has exhausted the remedies available in the courts of the state; there is an absence of state corrective process; or the state corrective process does not protect effectively the rights of the state prisoner.  Id. § 2254(b)(1).  Additionally, a district court may deny a state prisoner's application for a writ of habeas corpus on the merits even though the prisoner has not exhausted state court remedies.  Id. § 2254(b)(2).

A district court may grant a state prisoner's petition for a writ of habeas corpus based on a claim that was adjudicated on the merits in state court in only two situations.  First, the petition may be granted if the state decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States . . . ."  28 U.S.C. § 2254(d)(1).  Second, it may be granted if the state decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Id. § 2254(d)(2).  A decision is contrary to federal law if a state

court "applies a rule that contradicts the governing law in
[Supreme Court] cases." <u>Williams</u>, 120 S. Ct. at 1519. A decision
is based on an unreasonable application if the state court
"identifies the correct governing principle from [the Supreme
Court's] decisions but unreasonably applies that principle to the
facts." <u>Id.</u> at 1523.

The court presumes a determination of the facts by a state
court is correct, and the "applicant has the burden of rebutting
the presumption of correctness by clear and convincing evidence."
28 U.S.C. § 2254(e)(1). The court will hold an evidentiary hearing
to develop the factual basis of a claim only if the claim relies on
a new rule of constitutional law made retroactive to cases on
collateral review by the Supreme Court, <u>id.</u> § 2254(e)(2)(A)(i), if
the claim relies on a factual predicate that could not have been
discovered previously through the exercise of due diligence, <u>id.</u>
§ 2254(e)(2)(A)(ii), or if the applicant shows that "the facts
underlying the claim would be sufficient to establish by clear and
convincing evidence that but for constitutional error, no
reasonable factfinder would have found the applicant guilty of the
underlying offense." <u>Id.</u> § 2254(e)(2)(B).

### III.  <u>Analysis</u>

**A.  Second or Successive Petition**

Before considering Ireland's petition for a writ of habeas
corpus on its merits, the court must address the state's argument

-8-

that the court lacks jurisdiction because this petition is successive.[11]  The AEDPA imposes restrictions on claims presented in second or successive applications for a writ of habeas corpus. First, the court shall dismiss any such claim that was presented in a prior application.  28 U.S.C. § 2244(b)(1).  Second, the court shall dismiss any such claim that was not presented in a prior application unless the claim meets certain requirements.  Id. § 2244(b)(2).  These requirements are either that the claim rely on a new rule of constitutional law made retroactive by the Supreme Court or that new evidence provides clear and convincing proof of the prisoner's innocence.  Id. § 2244(b)(2).  Third, before a district court may accept a successive application, the court of appeals must determine that the claim meets the requirements.  Id. § 2244(b)(3).

All of these restrictions depend upon the definition of second or successive.  A claim is second or successive when it "'(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ.'"  Crone v. Cockrell, 324 F.3d 833, 836-37 (5th Cir.), cert. denied, 124 S. Ct. 287 (2003) (quoting In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)).

In this petition for a writ of habeas corpus Ireland alleges that he was denied effective assistance of counsel because his

---

[11]Respondent Dretke's Motion for Summary Judgment with Brief in Support at 5-7, Docket Entry No. 17.

attorney did not notify him that the denial of his motion for forensic DNA testing was affirmed by the Texas Court of Appeals for the 14th District.[12]  Ireland's counsel could not notify Ireland of the denial before the decision on March 16, 2004, which was well after Ireland's previous petition for a writ of habeas corpus was dismissed on September 27, 1999.  In his earlier federal petition for a writ of habeas corpus Ireland claimed (1) that he was denied the right to conduct DNA testing in violation of the Due Process Clause; (2) that the trial court improperly admitted "outcry" testimony although the first person to be told about the sexual assault was not the state's outcry witness; (3) that the victim did not make a positive, in-court identification of Ireland; (4) that his right to confront witnesses was violated when the state failed to disclose the location of Linda Carrillo to the defense; and (5) that his right to compulsory process was violated when a material witness was not called.[13]  Therefore, Ireland's claim does not raise a claim that was, or could have been, raised on an earlier petition or constitute an abuse of writ.

**B.    Ineffective Assistance of Counsel**

Ireland claims that he was denied effective assistance of counsel because his attorney did not notify him that denial of his

---

[12]Petition for a Writ of Habeas Corpus at 7-7A, Docket Entry No. 1.

[13]Ireland v. Johnson, No. H-97-1613, slip op. at 4 (S.D. Tex. Sep. 27, 1999).

motion for forensic DNA testing was affirmed by the Texas Court of Appeals for the 14th District.[14]  A prisoner can claim that he was denied effective assistance of counsel only when the prisoner has a constitutional right to counsel.  <u>See</u> <u>Wainwright v. Torna</u>, 102 S. Ct. 1300, 1301 (1982); <u>Ross v. Moffitt</u>, 94 S. Ct. 2437, 2443 (1974).  Prisoners do not have "a constitutional right to counsel when mounting collateral attacks upon their convictions." <u>Pennsylvania v. Finley</u>, 107 S. Ct. 1990, 1993 (1987).  When a state gives a prisoner the assistance of counsel for a collateral attack, the prisoner does not gain the procedural protections of the Constitution granted to prisoners at trial and on first appeal. <u>Id.</u> at 1995.

Ireland alleges that his attorney's error prevented the filing of the petition for discretionary review of his motion for forensic DNA testing.  Although Ireland is entitled to counsel during a motion for forensic DNA testing, Tex. Code Crim. Proc. Ann. art. 64.01(c) (Vernon Supp. 2004-2005), Ireland's motion for forensic DNA testing is a collateral attack.  Therefore, Ireland does not gain the procedural protections of the Constitution granted at trial and on first appeal and Ireland cannot claim that he is entitled to federal habeas relief because of ineffective assistance of counsel.

_____

[14]Petition for a Writ of Habeas Corpus at 7-7A, Docket Entry No. 1.

Moreover, Ireland presented these arguments to the state courts in his state habeas petition, and his petition was denied on January 26, 2005.  Under the AEDPA Ireland has not shown that he is entitled to relief by this court.

### IV.  Ireland's Pending Motions

Ireland has three pending motions before the court that require disposition.

**A.    Motion for Evidentiary Hearing**

Ireland filed a motion requesting an evidentiary hearing for his claim of ineffective assistance of counsel.[15]  Ireland's claim does not rely on a "new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court," 28 U.S.C. § 2254(e)(2)(A)(i), or on a "factual predicate that could not have been discovered previously through the exercise of due diligence," id. § 2254(e)(2)(A)(ii).  Similarly, Ireland has not shown clear and convincing evidence of a constitutional error, id. § 2254(e)(2)(B).  For these reasons, the motion will be denied.

**B.    Motion Requesting Appointment of Counsel Pursuant to 18 U.S.C. § 3006A(a)(2)(B)**

Ireland filed a motion requesting appointment of counsel.[16] When required by the interests of justice, the court may provide

---

[15]Petitioner's Motion for Evidentiary Hearing, Docket Entry No. 11.

[16]Petitioner's Motion Requesting Appointment of Counsel Pursuant to 18 U.S.C.A. § 3006A, (a), (2), (B), [sic] Docket Entry No. 12.

representation to a financially eligible habeas petitioner in custody pursuant to the judgment of a state court. 18 U.S.C. § 3006A(a)(2)(B).  The legal principles governing this petition for a writ of habeas corpus are settled.  Additional briefing by counsel would not be an efficient use of judicial resources and would not be in the interest of justice.  <u>Self v. Blackburn</u>, 751 F.2d 789, 793 (5th Cir. 1985).  For these reasons, the motion will be denied.

**C.  Motion for Judicial Admissions of Petitioner's Complaint Pursuant to Rule 8(d) Federal Rules of Civil Procedure**

Ireland alleges that Dretke did not respond to the petition for a writ of habeas corpus by the deadline of May 20, 2005.[17] However, Dretke filed a motion to extend the time for response to June 29, 2005, on May 18, 2005.[18]  The court granted this motion on May 19, 2005.[19]  Dretke then filed a second motion to extend the time for response to July 19, 2005, on June 20, 2005.[20]  The court granted this motion on June 21, 2005.  Dretke filed his response on July 19, 2005.[21]  Accordingly, the motion will be denied.

---

[17]Petitioner's Motion for Judicial Admissions of Petitioner's Complaint Pursuant to Rule 8(d) Federal Rules of Civil Procedure, Docket Entry No. 13.

[18]Respondent Dretke's First Motion for Extension of Time with Brief in Support, Docket Entry No. 9.

[19]Order, Docket Entry No. 10.

[20]Respondent Dretke's Amended Second Motion for Extension of Time with Brief in Support, Docket Entry No. 15.

[21]Order, Docket Entry No. 16.

## V.  <u>Conclusion and Order</u>

For the reasons discussed above, petitioner has failed to raise a claim that would justify issuance of a writ of habeas corpus.  Respondent's motion for summary judgment (Docket Entry No. 17) is **GRANTED**.  The petition for a writ of habeas corpus (Docket Entry No. 1) is **DENIED**.  Petitioner's motion for evidentiary hearing (Docket Entry No. 11), petitioner's motion requesting appointment of counsel pursuant to 18 U.S.C.A. § 3006A(a)(2)(B) (Docket Entry No. 12), and petitioner's motion for judicial admissions of petitioner's complaint pursuant to Rule 8(d) Federal Rules of Civil Procedure (Docket Entry No. 13) are **DENIED**.

**SIGNED** at Houston, Texas, on this 19th day of August 2005.

SIM LAKE
UNITED STATES DISTRICT JUDGE